# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. CIOLLI,<br><br>　　　　Respondent. | Case No.  1:20-cv-00537-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California.  He challenges a disciplinary hearing in which he was found guilty of violating BOP Code 224 for assaulting another inmate, and for which he was sanctioned with disciplinary segregation, loss of privileges, and impound of personal property.  (Doc. 1 at 5.)

　　　　Petitioner claims certain time limits were not met with respect to the disciplinary proceeding.  Because Petitioner fails to state a cognizable federal claim for relief, the Court will recommend the petition be DISMISSED with prejudice.

I.　**BACKGROUND**

　　　　On August 22, 2019, an incident report was created concerning an incident which took

1

place on July 19, 2019. The description of the incident is as follows:

> On 7-19-2019, at approximately 11:29 am, multiple inmates began fighting in the inmate dining hall. Following a review of institutional surveillance, Staff discovered inmate Benanti, Michael, Reg. No. 07163-067, assaulted inmate Caster, Bobby, Reg. No. 56933-081. Specifically, Benanti struck the midsection of Caster twice with his right fist. Following this Benanti departed the area. I was able to positively identify Benanti with BOPWARE photograph.

(Doc. 1 at 3.)

Although the incident took place on July 19, 2019, the incident report was not written until August 22, 2019, because staff did not discover Petitioner had been involved until an SIS investigation, including review of video surveillance, had been conducted. (Doc. 1 at 3, 5.)

On August 24, 2019, Petitioner was issued the incident report charging him with "Assaulting any Person" in violation of BOP Offense Code 224, thereby giving him advanced written notice of the charge. (Doc. 1 at 4.) He was advised of his rights on August 29, 2019. (Doc. 1 at 4.) A disciplinary hearing was held on September 10, 2019. (Doc. 1 at 4.) He declined his right to a staff representative, declined to call any witnesses, and declined to present any documentary evidence. (Doc. 1 at 5.) Petitioner admitted the charge at the hearing and stated, "It's true. I'm sorry. It won't happen again." (Doc. 1 at 5.) The Disciplinary Hearing Officer ("DHO") found Petitioner guilty of committing the prohibited act of Assaulting another Person. (Doc. 1 at 5.) The DHO sanctioned Petitioner with disciplinary segregation of 10 days; disciplinary segregation of 30 days, suspended for 180 days with clear conduct; loss of commissary privileges for 90 days; loss of visitation privileges for 90 days; and impound of personal property for 30 days. (Doc. 1 at 5.) Petitioner was provided a copy of the decision on October 8, 2019. (Doc. 1 at 6.)

## II. DISCUSSION

### A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence.  Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

**B.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  Petitioner is in the custody of the Bureau of Prisons at USP-Atwater, which is located within the jurisdiction of this Court.  28 U.S.C. §§ 2254(a); 2241(d).  Therefore, venue is proper in this Court.

**C.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his

1  administrative remedies before proceeding in court." Id.

2  Based on the attachments to the petition, it appears that Petitioner has exhausted his
3  administrative remedies. (Doc. 1 at 10-18.)

**D.  Review of Petition**

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

In the context of prison disciplinary proceedings, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. Petitioner does not dispute that he received all of the above procedural due process guarantees.

Petitioner contends that certain BOP time regulations were not met. He states that BOP staff represented that the incident report was written on August 22, 2019, but he was not provided a copy of the report until August 24, 2019. He states that BOP regulations require that the report be given to the inmate within 24 hours, and this was not done in his case. As a result, he claims his due process rights were violated.

As noted above, however, the BOP regulation is not one of the due process guarantees. Due process does not require that the report be given to the inmate within 24 hours of it being written. Rather, due process requires that the inmate be given 24 hours advance written notice of the charges prior to the disciplinary hearing. It is undisputed that this was done in this case.

1  For the foregoing reasons, the Court finds that Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564. The petition should be dismissed.

### III. ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

### IV. RECOMMENDATION

The Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after service of the proposed Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 6, 2020**                         /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE